[No. 7,463.—Department Two.]

. A. WHITAKER ET AL. v. L. T. MITCHELL ET AL.

PAYMENT—CONFLICT OF EVIDENCE—ADMISSIBILITY OF EVIDENCE—FIND-
INGS.

APPEAL from a judgment for the plaintiffs in the Fifteenth
District Court, County of San Joaquin, and from an order
denying a new trial in the Superior Court of the same County.
PATTERSON, J.

Action upon a promissory note against L. T. Mitchell, J. L.
Faulkner, and B. F. Langford. It appeared from the evi-
dence that the last two, though joint makers, signed as sure-
ties for the first. The defendants, Mitchell and Faulkner,
testified to the effect, that a contract in writing was made
with the plaintiff Ray, for himself and partner, and by the
defendants, Faulkner and Mitchell, for themselves and co-
maker, by which it was agreed that the proceeds of defendant
Mitchell's crop of barley for the year 1874 should be paid to
the plaintiff, and applied to the payment of the note sued
upon. On the other hand the defendant Ray testified, that
he had no knowledge or recollection of such a contract, and
that he did not recollect signing any writing in regard to it.
It appeared from the evidence that the proceeds of the crop,
amounting to more than the note, were paid to the plaintiffs
by Mitchell and credited on his general account—one of the
plaintiffs testifying that it was paid by Mitchell to be so ap-
plied, and Mitchell testifying to the contrary. A petition for
hearing in Bank in this case was filed after judgment and de-
nied.

*Terry, McKinne & Terry,* for Appellants J. L. Faulkner and
B. F. Langford.

*Byers & Elliott,* for Appellant L. T. Mitchell.

*F. T. Baldwin,* for Respondents.

*Terry, McKinne & Terry,* for Appellants (petition for re-
hearing).

There was no substantial conflict in the evidence. The

only evidence offered by plaintiffs in regard to this contract, is that of witness Ray, and he nowhere denies the contract. His testimony as to this contract is negative testimony. The well-settled rule applies that against the positive testimony of three witnesses it cannot be considered. (*Rice* v. *Cunningham,* 29 Cal. 494; *Cummins* v. *Scott,* 20 id. 84; *Franklin* v. *Dorland,* 28 id. 178.)

MYRICK, J.:

1. If the contract testified to by the witnesses Mitchell, Faulkner, and Stiles was made as stated by them, neither the plaintiffs by themselves, nor with the consent of Mitchell, could have diverted the eight-hundred-dollar check from being applied to the payment of the note in suit, without the consent of the defendants Faulkner and Langford. There was some evidence, slight though it may have been, tending to prove that such contract was not made. The Court must have believed the latter testimony to have been true; therefore, we can not say the findings are not supported.

2. The Court did not err in refusing to strike out the testimony of Whitaker as to Langford putting in the note in controversy on the settlement with the creditors. The testimony was addressed merely to the fact as to whether a list of claims was made; not as to the contents of the paper.

3. The allegation in the answer that the plaintiffs *informed* the defendants Faulkner and Langford that the note had been paid by Mitchell, presented no issue upon which a finding was necessary. The fact that he so informed them might be competent testimony upon an issue of payment, but was not an ultimate fact to be found.

Judgment and order affirmed.

SHARPSTEIN, J., and MORRISON, C. J., concurred in the judgment.